## DENSMORE v. THE STATE.

CRIMINAL LAW.—*Basis of Reasonable Doubt.*—*Instruction.*—It is error to instruct the jury trying a criminal prosecution, that the reasonable doubt of guilt, to which the defendant is entitled, must be one which " is suggested by, or arises out of, the proof made."

SAME.—*Common Sense.*—It is error to instruct the jury that, in weighing the evidence and arriving at a verdict, " what is called common sense is, perhaps, the juror's best guide."

SAME.—*Court may repeat Evidence, but not · assume a Fact as Proved.*— While, under section 113 of the criminal code, 2 R. S. 1876, p. 402, the court may, in its instructions to the jury, repeat to them the testimony of any witness or witnesses, it is error to assume therein that any fact testified to has been proved.

From the LaGrange Circuit Court.

*W. C. Glasgow,* for appellant.

*T. W. Woollen,* Attorney General, and *J. S. Drake,* Prosecuting Attorney, for the State.

WORDEN, J.—The appellant was indicted, in the court below, for stealing a cow, and upon trial was convicted and sent to the penitentiary.

The court gave to the jury certain charges, to which the defendant excepted. Among them are the following :

" 4th. The presumption of innocence continues until the proof of guilt is made clear and conclusive, leaving no other reasonable inference, and excluding all reasonable doubt. A reasonable doubt is one suggested by, or arising out of, the proof made, and, after a full and fair consideration of all the evidence, *pro* and *con*, remains in the mind, causing some degree of uncertainty as to the alleged guilt. If the evidence against the accused can be explained on any consistent and reasonable hypothesis, there must be an acquittal.

" It is not meant to be said, however, that the proof of guilt must be certain to a mathematical demonstration ; it needs be only to a moral certainty, such as would warrant a prudent and cautious man in voluntary and unhesi-

tating action, in a matter of the highest concern to himself.

" It is not a reasonable doubt, which may be raised by conjecturing something for which there is no foundation. nor suggestion in the evidence adduced."

The following is a part of the 8th charge :

" Gentlemen of the Jury : Bearing in mind clearly all I have said to you, as to how you are to consider the evidence and arrive at your verdict, I may add, that what is commonly called common sense is, perhaps, the juror's best guide in these particulars."

The residue of the charge had reference to the statutory description of the crime charged and its punishment.

We think the court, in the fourth charge, fell into an error in defining a reasonable doubt. It may be difficult to frame an exact definition of a reasonable doubt—such an one as will embrace all the elements that enter into such doubt and nothing more ; such an one as will be neither too broad nor too narrow.

The court said :

" A reasonable doubt is one suggested by, or arising out of, the proof made, and, after a full and fair consideration of all the evidence, *pro* and *con*, remains in the mind, causing some degree of uncertainty as to the alleged crime."

Is it true that a reasonable doubt must be one " suggested by, or arising out of, the proof made ? " It seems to us, that this definition is much too narrow and limited. The words " suggested by, or arising out of, the proof made," imply that the doubt must be such an one as is created or produced by the proof made. That they were used to convey this idea is shown by the latter part of the charge, in which the court said :

" It is not a reasonable doubt, which may be raised by conjecturing something for which there is no foundation nor suggestion in the evidence adduced."

It is thus seen that, according to the charge, it is the "proof made" or "evidence adduced" that is the foundation of a reasonable doubt. This excludes all reasonable doubts that may arise from the lack or want of evidence.

The State may make out a case, *prima facie*, beyond a reasonable doubt, but the defendant's evidence may be such as to raise a reasonable doubt of his guilt. The charge may have been drawn with a view to such case. But, on the other hand, the lack of evidence on the part of the State may leave a reasonable doubt as to the defendant's guilt. And it is not the law, as we think, that a reasonable doubt may not be raised upon the conjecture of the defendant's innocence, though there is nothing in the "evidence adduced" that furnishes a foundation for, or suggestion of, the conjecture. The evidence adduced may have no tendency whatever to show the defendant's innocence, and yet it may utterly fail to establish his guilt. See, as to reasonable doubts, *Arnold* v. *The State*, 23 Ind. 170 ; *Bradley* v. *The State*, 31 Ind. 492 ; *Sullivan* v. *The State*, 52 Ind. 309.

We are also of the opinion that the court erred in that part of the 8th charge above set out.

In that charge, the court, after reminding the jury of what he had said to them in respect to the manner in which they were to consider the evidence and arrive at their verdict, added, that "what is commonly called common sense is, perhaps, the juror's best guide in those particulars."

Now, while common sense is a very desirable and admirable quality in man, and exceedingly useful in all the practical affairs of life, including the duties of jurors, we do not see how it can be a better guide to them in the discharge of those duties than the rules of law. Indeed, the rules of law are generally the condensed common sense of ages. But the common sense of twelve jurors would not

be likely to be all alike. What one might regard as the common sense view of a question, another might think utterly destitute of common sense. If each juror were to act upon his common sense instead of the rules of law, there might be as many different opinions as there were jurors. With each juror acting upon his own common sense instead of the rules of law, we might expect a verdict in accordance with law "when everlasting fate shall yield to fickle chance, and chaos judge the strife."

The 9th charge given is long, and we think it need not be here set out.* It is open to an objection that in it the court assumed that a material fact was proved. It would seem proper that the judge should, if he sees fit, repeat to the jury the testimony of any given witness or witnesses, whether the witness be a party or otherwise. This is contemplated by the statute, which provides that "If he" (the judge) "presents the facts of the case, he must inform the jury that they are the exclusive judges of all questions of fact." 2 R. S. 1876, p. 402, sec. 113.

But, having stated to the jury the testimony of the witness or witnesses, he has no right either to state that the matters testified to are proved, or, in his charges, to assume that they are proved. This point has been decided so often that we deem it unnecessary to cite the cases here.

The judgment below is reversed, and the cause remanded for a new trial. The clerk will give the proper notice.