## WRIGHT v. THE STATE.

CRIMINAL LAW.—*Instruction.*—*Reasonable Doubt.*—An instruction to the jury in a criminal case, which limits a reasonable doubt to something which is suggested by, or arises from, or springs out of the evidence adduced, gives too narrow a definition of a reasonable doubt. Such a doubt may arise from a want of evidence as to some fact having a natural connection with the cause. It has reference to that uncertain condition of the mind which may remain after considering what has not been proved as well as that which has.

SAME.—*Common Sense.*—After a jury has been instructed that they are the judges of the law as well as the facts, it is error to then instruct them that "common sense" is their best guide, without limiting this commendation to so much of the case as has reference to the value and weight of the evidence.

From the LaGrange Circuit Court.

W. C. *Glasgow,* for appellant.

*T. W. Woollen*, Attorney General, and *J. S. Drake*, Prosecuting Attorney, for the State.

NIBLACK, J.—At the February term, 1879, of the court below, the appellant, Walter L. Wright, was indicted and tried for, and convicted of, grand larceny.

On the trial the court gave to the jury an elaborate series of instructions in writing.

After telling the jury that they were the judges of the law as well as of the facts of the case, as also of the credibility of the witnesses, the weight of the evidence, and of the inferences proper to be drawn from facts proven, and that the defendant was presumed to be innocent until proven guilty, the court proceeded as follows:

"6. The presumption of innocence continues until the proof of guilt is made clear and conclusive, leaving no other inference and excluding all reasonable doubt. A reasonable doubt is one suggested by or arising out of the proofs made, and [which], after a full and fair consideration of all the evidence *pro* and *con*, remains in the mind, causing some degree of uncertainty as to the alleged guilt. If the evidence adduced against the accused can be explained on any consistent and reasonable hypothesis, there must be an acquittal.

"7. It is not meant to be said, however, that the proof of guilt must be certain to a mathematical demonstration. It need be only to a moral certainty. Such certainty as would warrant a prudent and cautious man in voluntary and unhesitating action in a matter of the highest concern to himself. It is not a reasonable doubt which may be raised by conjecturing something for which there is no foundation or suggestion in the evidence adduced.

"8. As already stated substantially, the reasonable doubt is one which is suggested by or springs out of the proof made, and [which], after giving due weight to all criminating circumstances and proofs, remains in the mind, suggesting a reasonable possibility of innocence. What

is commonly called common sense is perhaps the juror's best guide in these particulars."

So much of the instructions above set out as limited a reasonable doubt to something which is suggested by, or arises from, or springs out of, the evidence adduced, gave, what appears to us to have been, a too narrow definition of that which is implied by a reasonable doubt. A reasonable doubt may arise from a want of evidence as to some fact having a natural connection with the cause. It has reference to that uncertain condition of the mind which may remain after considering what has not been proven as well as that which has.

So much of the last clause of instruction No. 8 as told the jury that "common sense is perhaps the juror's best guide" in the particulars referred to was, we think, also erroneous. Common sense is an important element in the administration of justice, and perhaps an indispensable element in its successful administration, but to tell the jury that it was their "best guide" after having informed them that they were the judges of the law as well as the facts, was very nearly, if not quite, equivalent to saying to them that "common sense" was superior to law in determining the guilt or innocence of the defendant. If the court had expressly limited its commendation of common sense as a guide to so much of the case as had reference to the value and weight of the evidence only, we might not have seen any objection to that part of the instruction, but the phraseology used was, as it seems to us, susceptible of a much wider construction than that. See *Densmore* v. *The State*, 67 Ind. 306, where similar instructions were held erroneous.

On account of the errors above indicated, and for other alleged causes, the defendant moved the court for a new trial, and for the reasons given we are of the opinion that a new trial ought to have been granted.

The defendant, at the proper time, moved to quash the

indictment because, as he claimed, the record did not show that the indictment was "returned into open court." As that omission, if there was any omission in the record in that respect, may be supplied by a *nunc pro tunc* entry previous to another trial, we will not consider whether or not the motion to quash ought to have been sustained. *The State* v. *Pearce,* 14 Ind. 426.

The judgment is reversed, and the cause remanded for a new trial.

The clerk will give the proper notice for the return of the prisoner.