## STATE OF IOWA V. CHARLES CASE, Appellant.

**Practice.** The court may, after both parties in a trial for rape have rested, permit the state to recall the prosecutrix to testify that
3   defendant never had sexual intercourse with her with her consent, especially where defendant has testified that he had sexual intercourse with her with her consent a few days before the alleged offense was committed.

**Evidence: CHASTITY.** Evidence of a witness that he had heard nothing about the chastity of the prosecutrix on a trial for rape, prior
2   to the time of the alleged offense, is admissible to show that her reputation for chastity is good.

**Defendant as Witness.** An instruction on a criminal trial that defendant is a competent witness in his own behalf and that his testimony
4   should be weighed by the same rules as other testimony, is not prejudicial to defendant.

**Cross-examination.** A witness who testifies on direct examination
1   that the prosecutrix on a trial for rape came to his shop and told him that somebody had raped her cannot be asked on cross-examination if she had not come to his place to stay all night and been driven away by the marshal, and had not stayed there several nights.

**Sentence.** A sentence to the penitentiary for fifteen years which is within the limits imposed by the Iowa statutes is not too severe for the crime of having sexual intercourse, by force and against
5   her will, with a woman sixty years old, living alone, unprotected and remote from neighbors.

*Appeal from Lyon District Court.*—HON. J. F. OLIVER, Judge.

### WEDNESDAY, DECEMBER 11, 1895.

The defendant was indicted, tried and convicted of the crime of rape. Judgment was rendered against him that he be imprisoned in the penitentiary for fifteen years, from which he appeals.—*Affirmed.*

*J. M. Parsons* for appellant.

*Milton Remley*, attorney general, for the state.

Given, C. J.—I.   The crime is charged to have been committed on or about the twenty-seventh day of January, 1895, and the prosecutrix gives the twenty-seventh as the time.   William Bump, called by the state, testified that on the evening of the twenty-seventh the prosecutrix came to his shop, and "said some one had been to her house, shot off a gun, grabbed her, and raped her."   On cross-examination appellant's counsel asked: "Didn't she come to your place one evening and try to get in and stay all night, and the marshal drove her away?" "Isn't it a fact that she had stayed there several times, nights?"   Objections were sustained to the questions, as not proper cross-examination.   They clearly called for affirmative matter and had no reference to the matter called out in chief.   The state called Mr. Heiney, who testified that he knew the reputation of the prosecutrix for chastity prior to January 27, 1895, and that it was good.   He stated on cross-examination that he never heard any person say anything about it until after the twenty-seventh of January, 1895, whereupon appellant moved to strike out his answer that her reputation was good.   This motion was properly overruled.   The fact that he had heard nothing prior to the twenty-seventh is a circumstance tending to show that her reputation was good.   We see no error in the rulings on taking evidence.

II.   After both parties rested, the court adjourned until next morning.   On court convening next morning, the state was permitted, over defendant's objec-

tion, to recall the prosecutrix, and she to testify that the defendant never had sexual intercourse with her with her consent. There was no abuse of discretion in this. It was not only proper, as affirmative evidence that had been omitted, but especially proper in rebuttal of defendant's testimony that he had sexual intercourse with the prosecutrix with her consent on the evening of January 22, 1895.

III. The court instructed as follows: "A reasonable doubt is such a doubt as fairly and naturally arises in your minds, after fully and carefully weighing and considering all the evidence introduced upon the trial of this cause, when viewed in the light of all the facts and circumstances surrounding the same." Appellant complains that this language allowed the jury to consider all facts and circumstances, whether in evidence or not. Taken alone, the instruction could hardly be so understood, and certainly not when taken in connection with other instructions, directing the jury to decide the case upon the evidence alone. After correctly giving the rules for weighing testimony, the court instructed that the defendant was a competent witness in his own behalf, and that his testimony should be weighed by the same rules. This is not only correct, but, in the interest of the defendant, it is an admonition that his evidence must not be cast aside because he is a party, but that it must be weighed by the rules given. We see no error in the instructions.

IV. Appellant assigns as error that the court imposed too severe a sentence on defendant. The extent of the penalty must depend upon the provisions

of the statute, the nature of the crime, and the circumstances attending its commission. The penalty imposed is within the limits of the statute. It is not claimed in argument that the verdict is not supported by the evidence, and we find no ground upon which to question the correctness of the verdict. The record shows that the defendant, a strong, vigorous young man, went to the house where the prosecutrix, a woman sixty years of age, lived alone, unprotected, and remote from neighbors, and then and there had sexual intercourse with her by force and against her will. We do not think that for such an offense the penalty is too severe.

Appellant's assignments of error are general, and do not specifically point out errors complained of, nor are all the errors thus assigned urged in argument; but, in view of the nature of the case, we have examined the record with reference to each of the assignments, and find no error prejudicial to the appellant. The judgment of the district court is *affirmed.*