## WILL KNIGHT *v.* THE STATE.

CRIMINAL LAW.    *Instruction    Reasonable doubt.*

> A reasonable doubt of guilt may arise from the want of evidence as
> to some fact having a natural connection with the case.

FROM the circuit court of Washington county.

HON. F. A. MONTGOMERY, Judge.

Will Knight, described in the evidence as a "yellow man," was indicted and convicted of grand larceny and sentenced to the penitentiary for a term of two years, from which conviction and sentence he has appealed. The property alleged to have been stolen was a horse, the property of Joseph Carter. It appeared from the evidence that Carter, on February 24, 1896, rode the animal up to a friend's cornhouse and hitched him to one of the puncheons. This was between seven and eight o'clock in the evening. Leaving the horse, the reverend gentleman called at the cottage of a friend near by, and there remained until between one and two o'clock the next morning. When the call was ended, the animal was not found where he had been hitched the evening before, and, so far as the record shows, it does not appear conclusively that he has ever been found anywhere else. The evidence against Knight on his trial for stealing the horse was entirely circumstantial, and the identity of the property stolen with that shown to have been in the possession of the accused was not established beyond controversy. When the state rested its case, the accused moved the court to exclude the whole of its evidence, but his motion was overruled. The court below was asked, when all the evidence on both sides had been heard, to give the following instruction in defendant's behalf, viz.:

"The court instructs the jury that when the state undertakes to prove larceny by evidence that shows the recent possession of the property or the asportation thereof only, it is incumbent upon the state to prove the identity of the property in connection with the accused beyond every reasonable doubt ∧ or they must acquit."

This the court did not give as asked, but modified the same by inserting the words "arising from the evidence" after the word "doubt," where the caret appears, and gave the same as thus modified.

*J. H. Wynn*, for appellant.

The verdict is unsupported by evidence, and should have been set aside. A reasonably careful consideration of the testimony will satisfy the court of this, and I feel confident that this court will not allow a citizen to be deprived of his liberty upon such flimsy proof. The court erred in modifying the first instruction asked by the defendant, so as to require the reasonable doubt to arise out of the evidence, for in *Hale* v. *State*, 72 Miss., 150, it is said a reasonable doubt may arise from the want of evidence. The instruction, as originally asked, was unquestionably correct.

*Wiley N. Nash*, attorney-general, for the state.

The law was fairly submitted to the jury, and the case at bar is one peculiarly fitted to be passed upon by such a body. It was for the jury to say which witness, or which set of witnessess, they would believe. Will Knight was at the house the night the horse was missing, and when Carter found his horse, Will Knight was missing.

WHITFIELD, J., delivered the opinion of the court.

The first instruction asked by appellant should have been given as asked. The modification was specially harmful in a case like this, where the defendant relied very strongly upon

the want of evidence connecting him with the offense. In the elaborate and learned note of Mr. Freeman to *Burt* v. *State*, 48 Am. St. R., 570, s.c., 72 Miss., 408, it is said: "So it is error to limit a reasonable doubt to something which is suggested by, or arises from, or springs out of, the evidence adduced, as this gives too narrow a definition of reasonable doubt. Such a doubt may arise from a want of evidence as to some fact having a natural connection with the cause. It has reference to that uncertain condition of mind which may remain after considering what has not been proved, as well as what has. *Wright* v. *State*, 69 Ind., 163 (35 Am. R., 212); *Densmore* v. *State*, 67 Ind., 306 (33 Am. R., 96). This is in conformity with our holding in *Hall* v. *State*, 72 Miss., 150. But, beside this, reluctant as we are to disturb the finding of a jury, we think justice requires us to say, in this case, that, on this evidence, the conviction should not be allowed to stand. The verdict is manifestly wrong on the facts.

*Reversed.*