JOHN B. VAUGHN, PLAINTIFF IN ERROR, v. STATE OF FLOR-
IDA, DEFENDANT IN ERROR.

,CRIMINAL LAW—EVIDENCE—ANIMUS OF WITNESS—REA-
SONABLE DOUBT.

1.  It is error to refuse to permit the defendant on the cross-
    examination of a State witness to interrogate such witness
    as to whether he had made threats of doing violence
    to the defendant.  Great latitude is allowed in the cross-
    examination of a witness that tends to expose the animus
    of such witness.

2.  It is error to charge the jury that a reasonable doubt is "a
    doubt which would satisfy a reasonable man."

This case was decided by Division B.

Writ of error to the Criminal Court of Record for Es-
cambia County.

The facts in the case are stated in the opinion of the
court.

*Jones & Jones,* for Plaintiff in Error.

*W. H. Ellis,* Attorney General, for the State.

TAYLOR, J : The plaintiff in error, hereinafter referred to
as the defendant, upon an information charging him
with murder in the second degree, was convicted of the
crime of manslaughter, in the Criminal Court of Record
of Escambia County, and seeks relief here by writ of
error.

To one J. C. Nichols, the State's leading witness, on

cross-examination the defendant's counsel propounded the following question, after the witness had answered that on the day of the homicide he had seen Bob Getna and Philip Moore: "Is it not a fact that you said to Cary Hall, and stated in the presence of William Moore and Bob Getna that you were going to kill that red-headed son of a bitch; that you were going to kill him?" The State interposed a general objection without stating any ground of objection, which objection was sustained and the question excluded, to which exception was taken and error is assigned thereon. This ruling was error. It was in a fight and difficulty with this witness that the defendant, through mischance, shot and killed the deceased. The shot that killed the deceased, who was a by-stander, being aimed by the defendant at, and intended for this witness. The defendant had the right on his cross-examination to show the animus of this witness towards him, and the witness's threats, if any were made, bore directly upon the question of his animus towards the defendant, and thereby affected the witness' credibility. Driggers v. State, 38 Fla. 7, 20 South. Rep. 758; Wallace v. State, 41 Fla. 547, 26 South. Rep. 713; Bryan v. State, 41 Fla. 643, 26 South. Rep. 1022; Fields v. State, 46 Fla. 84, 35 South. Rep. 185; Alford v. State, 47 Fla. 1, 36 South. Rep. 436. The evidence sought to be elicited by the excluded question was vitally important to the defendant for still a further reason. The question whether the defendant was justified in firing the shot that resulted in the death of a by-stander, depended in large measure, upon the fact as to who was the aggressor in the difficulty between the witness and the defendant. This witness had so shaped his evidence as to endeavor to make it appear that he was the innocent victim of an assault by the defendant. If

threats were made by the witness towards the defendant, such fact bore directly upon the truth of the question as to who was the aggressor, the witness or the defendant. Garner v. State, 28 Fla. 113, 9 South. Rep. 835.

· Other assignments of error are predicated upon the exclusion of questions to witnesses, but, without reciting them here there was no error in such exclusions. Various charges given are also assigned as error. We discover no error in any of the charges given except the fifth. This charge is so framed as to confuse and mislead the jury, and upon another trial it had best be reconstructed by omitting from it all of the latter part thereof, after and including the word *"unless."*

The expression: "A doubt which would satisfy a reasonable man," should be omitted from charge No. 9 on the subject of reasonable doubt. Hampton v. State 50, Fla. 55, 39 South. Rep. 421.

All four of the charges requested by the defendant stated correct propositions of law, and should have been given.

For the error found the judgment of the court below is reversed and a new trial awarded at the cost of Escambia County.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur.