THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN T. ANDREWS, PLAINTIFF IN ERROR.

Argued June 2, 1908—Decided November 9, 1908.

An instruction that a reasonable doubt must be one founded upon some evidence that was presented in the case is erroneous, as it excludes all reasonable doubts that may arise from the lack or want of evidence.

On error to the Atlantic Quarter Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff in error, *Thompson & Cole.*

For the state, *Joseph E. P. Abbott,* prosecutor of the pleas, and *Eckard P. Budd.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff in error was indicted for forgery and uttering, and on trial in the Atlantic Quarter Sessions was convicted.  The record of conviction is now before this court, with assignments of error based upon exceptions taken at the trial.

In the consideration of this case the court has not had the

benefit of either a brief or of oral argument upon the part of the state.

The first exception requiring consideration relates to the response of the trial judge to the twelfth request to charge made on behalf of the defendant below.

It appears that the defendant was a clerk in the office of Mr. Heston, the comptroller of Atlantic City. His duty was to inspect bills against the city and draw warrants to be signed by the comptroller.

The forgery charged is the alteration, raising and endorsing of a certain warrant after it was signed by Mr. Heston.

If the defendant altered, raised and endorsed the warrant before handing it to Mr. Heston to be signed, the offence charged in the indictment had not been committed. Accordingly the learned trial judge had charged that "if the jury find that the defendant altered the warrant, and signed the endorsement before handing it to Heston for his signature, there must be an acquittal."

No one saw the defendant commit the alleged forgery. The testimony of Mr. Heston was undoubtedly sufficient to justify the jury in finding the fact that the alteration and endorsement occurred after he signed the warrant. On the other hand, the jury may lawfully have regarded his testimony, in view of what he said on cross-examination, as throwing no light upon that question.

In this posture of the case, the defendant submitted to the trial judge the twelfth request to charge as follows:

"If the jury have a reasonable doubt as to whether the defendant altered or endorsed the paper, or as to whether it was done before or after handing it to Heston, there must be an acquittal."

To this request the court responded:

"I so charge you, with the further remark that your reasonable doubt as to whether it was before or after must be founded upon some evidence that was presented in this cause, if there is a reasonable doubt."

To this an exception was duly taken and sealed and error assigned thereon.

We are constrained to think that this response of the court did not declare the rule of law which, under the circumstances, the defendant was entitled to have charged to the jury.

The accused was entitled to be acquitted if the jury, because of the state of the proofs as to any fact necessary to conviction, had a reasonable doubt of the defendant's guilt.

A doubt, to be reasonable, must arise out of the evidence, or want of evidence, after a full consideration by the jury of all the evidence in the case. 23 *Am. & Eng. Encycl. L.* (*2d ed.*) 966.

As already shown, one fact necessary to be found was that the alleged acts were done before the paper was signed by Heston, and the jury may lawfully have considered that there was no evidence to establish that fact.

Under these circumstances the instruction that a reasonable doubt must be one founded upon some evidence that was presented in the case was erroneous, as it excluded all reasonable doubt that may have arisen from the lack or want of evidence. *Mackey* v. *People*, 2 *Colo.* 13; *McElven* v. *State*, 30 *Ga.* 869; *Brown* v. *State*, 105 *Ind.* 385; *Wright* v. *State*, 69 *Id.* 163; *Densmore* v. *State*, 67 *Id.* 306; *State* v. *Case*, 96 *Iowa* 264; *Hale* v. *State*, 72 *Miss.* 140; *Bray* v. *State*, 41 *Tex.* 560; *Bland* v. *State*, 4 *Tex. App.* 15.

Upon the other assignments of error it is unnecessary to decide.

The judgment must be reversed, and a *venire de novo* awarded.