HOWARD BENNETT v. STATE.

173 So. 817.
Opinion Filed April 22, 1937.

*Martin & Martin,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

WHITFIELD, P. J.—Upon an indictment charging murder in the first degree of Corbet Griffis by shooting with a rifle, the defendant, Howard Bennett, was convicted of manslaughter and sentenced to imprisonment in the State Penitentiary for twenty years from the date of incarceration. On writ of error it is contended that the evidence is insufficient to sustain the verdict of manslaughter; that certain charges given were erroneous; that error was committed in failing to charge the jury on the law of the case.

The evidence is quite voluminous and is somewhat conflicting, but there is direct evidence legally sufficient to support the verdict of manslaughter as against the defense that the defendant shot the deceased in the defense of himself and his minor children in the defendant's field where he and they were when the deceased appeared unbidden and persisted in acting in a threatening and hostile manner towards the defendant and his children. The jury reasonably could on the evidence have found that the defendant fired the fatal shot unnecessarily or under circumstances that made it manslaughter and was not justifiable or excusable homicide nor murder. See Secs. 7141 (5039), 7145 (5043); Teal v. State, 119 Fla. 394, 161 So. 422.

It is contended that the court, at the end of the general charge, added the following charge: "Take the case, gentlemen, and find your verdict as you honestly believe the truth to be established by the evidence." It is argued that this charge might have led the jury to believe that the defendant must prove his innocence, and not that the State must prove his guilt beyond a reasonable doubt, citing McNish v. State, 45 Fla. 83, 34 So. 219. This quoted instruction is not found in that portion of the record containing the court's charge to the jury. However, even if the record had contained this charge it would have been quite different from the charge in the cited case which was disapproved as being an isolated proposition and misleading, because it would have been given in connection with a proper general charge, and as given could not reasonably have misled the jury.

It is contended in the third question presented that the Court erred in refusing to give defendant's requested instruction, which is as follows:

"I further charge you, gentlemen of the jury, that the

defense of self defense or justifiable homicide must prevail if it raises a reasonable doubt in the minds of the jury."

The court properly refused to give this requested instruction, because, as it stands, it is both incomplete and misleading. To have been a proper instruction it should have contained another clause explaining that the "reasonable doubt" related to, whether to the guilt of the defendant, or whether to a particular part of the evidence, or whether to all of the evidence, or just what it did relate to. See Hulst v. State, 123 Fla. 315, 166 So. 828, headnotes 15 and 16.

It is also contended that the Court erred in giving to the jury the following instruction, and that this Court will notice the error, although no exception was taken thereto:

"By the term 'reasonable doubt' is not meant a mere possible or speculative doubt, but one conformable to reason; a doubt which would satisfy a reasonable person. It is that state of the case which, after the comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say that they feel an abiding conviction to a moral certainty of the truth of the charge. A doubt which is not suggested by, or does not arise from the evidence is not a reasonable doubt, and should not be considered."

The record shows that no exception was taken to the instruction when given nor was it assigned as error, but it is argued in the brief. Inasmuch as this charge of the court complained of involved instructions pertaining to the fundamental rights of the defendant who was being tried at that time on a charge of murder in the first degree, a capital offense, we will consider the correctness of the instruction, though it was not excepted to below nor assigned as error. See Gunn v. State, 78 Fla. 599, 83 So. 511.

"In the exercise of its power to do so, an appellate court will consider questions not raised or reserved in the trial court when it appears necessary to do so in order to meet the ends of justice or to prevent the invasion or denial of essential rights. The court may, as a matter of grace, in a case involving deprivation of life or liberty, take notice of errors appearing upon the record which deprived the accused of substantial means of enjoying a fair and impartial trial, although no exceptions were preserved, or the question is imperfectly presented." 3 Am. Jur. 33, Sec. 248.

The first part of the instruction in defining "reasonable doubt" states that by that term "is not meant a mere possible or speculative doubt, but one conformable to reason; (a doubt which would satisfy a reasonable person.") An instruction in the identical language as that here enclosed in brackets was held to be erroneous in the case of Vaughan v. State, 52 Fla. 122, 41 So. 881. In discussing this matter, this Court, in the case of Vasquez v. State, 54 Fla. 127, 44 So. 739, 127 A. S. R. 129, said:

"For we think it is perfectly clear there is a very great difference between a 'doubt conformable to reason, a doubt which a reasonable man would entertain' and a 'doubt which would satisfy a reasonable man.' It is difficult to conceive how a doubt could ever be satisfying, and because it is not satisfying is the very reason why a defendant should not be convicted when a reasonable doubt of his guilt exists in the minds of reasonable men."

The last part of this instruction as given by the court was: "A doubt which is not suggested by, or does not arise from the evidence is not a reasonable doubt, and should not be considered."

It was held in the case of Vasquez v. State, 54 Fla. 127, 44 So. 739, 127 A. S. R. 129, that such an instruction to

the jury was proper. It was later held in the case of Walker v. State, 82 Fla. 465, 90 So. 376, that although the instruction, as it stood, was proper, yet if after the word "evidence" had been inserted the words "or lack of evidence," the instruction would more clearly express the rule. Therefore, the latter part of this instruction as given is not erroneous, but the instruction taken as an entirety is likely to lead to confusion and is erroneous.

It is contended in the fifth question presented that the Court erred in instructing the jury not to depend on anything that counsel for defendant might say.

The record shows that the following proceedings were had: "Thereupon during the argument of counsel at the night session, Mr. Farrior objected to the argument of counsel for the defendant on the grounds that there was no evidence that the defendant told the deceased to stop when he shot at him, and I ask the Court to instruct the jury to not consider the argument along that line.

"By the Court: Gentlemen of the jury you will adhere to the testimony as you recall it. Depend on your recollection of the testimony and not to anything that counsel might say."

No exception was taken to this remark of the Court at the time it was made, nor was it made the basis of an assignment of error. But it will also be considered on the authority of Gunn v. State, 78 Fla. 599, 83 So. 511, and 3 Am. Jur. 33, Sec. 248, because it involves a fundamental right of the defendant.

The record shows that there was testimony of the defendant to the effect that he told the deceased to stop before he fired upon deceased. Argument of counsel for the defendant upon this point was proper, and the Court should not have instructed the jury as it did, but should have over-

ruled the objection of Mr. Farrior. Further, the Court erred in instructing the jury not to depend on anything that counsel for the defendant might say, because this denied to defendant the right guaranteed to him by Section 11 of the Declaration of Rights of the Florida Constitution of 1885, to be heard by counsel. Messer v. State, 120 Fla. 95, 162 So. 146.

For the errors pointed herein, the judgment below is reversed.

Reversed.

BROWN and DAVIS, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.