Terrell, C. J., and Whitfield, Brown and Buford, J. J., concur.

Thomas, J., not participating.

R. C. Kimball, alias Peck Kimball, v. State.

184 So. 847.
Opinion Filed November 14, 1938.
Rehearing Denied December 19, 1938.

*Hugh L. McArthur,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

Per Curiam.—Plaintiff in error was indicted for murder in the first degree and convicted of murder in the second degree with sentence to life imprisonment. On writ of error it is argued that the evidence is insufficient to support the verdict and that the court erred in giving the following charge:

"By the term 'reasonable doubt' is not meant a mere possible or speculative doubt, but one conformable to reason; a

doubt which would satisfy a reasonable person. It is that state of the case which, after the comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say that they feel an abiding conviction to a moral certainty of the truth of the charge. A doubt which is not suggested by, or does not arise from the evidence is not a reasonable doubt, and should not be considered."

A charge similar to the one above quoted was given in Bennett v. State, 127 Fla. 759, 173 So. 817, and held to be erroneous. But it was not held to be harmful error so as to of itself cause a reversal of the judgment of conviction. In the Bennett case there were several other errors one of them being a denial of a right secured by the constitution. Besides this the evidence of the defendant's guilt was not as convincing as in this case. There was additional error and inconclusive evidence in Vaughn v. State, 52 Fla. 122, 41 So. 881, which was decided before the enactment of Section 4499 (2812) C. G. L., the same being Chapter 6223, Acts of 1911, relating to harmless error in court proceedings. For a correct charge on reasonable doubt see Lovett v. State, 30 Fla. 142, 11 So. 550, 17 L. R. A. 705; Vasquez v. State, 54 Fla. 127, 44 So. 739, 127 Am. St. Repts., 129; Wallace v. State, 41 Fla. 547, 26 So. 713.

In this case the evidence so fully sustains the verdict and judgment of conviction that the technical error in the quoted charge could not reasonably have confused or misled the jury and was harmless.

A discussion of the evidence would serve no useful purpose since it is clearly ample to sustain the verdict and the judgment of conviction rendered thereon.

Affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD, CHAPMAN, and THOMAS, J. J., concur.