### CALVIN SIMMONS v. STATE OF FLORIDA

22 So. (2nd) 803           June Term, 1945
July 10, 1945           En Banc

*Alvan B. Rowe,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

BUFORD, J.:

Appellant, being indicted, charged with the crime of murder in the first degree, was, on trial, convicted of manslaughter.

After careful consideration, we find only one reversible error in the record.

It might have been necessary for us to discuss some other alleged errors if the appellant had been convicted of a higher degree of unlawful homicide than manslaughter, but the verdict of guilty of manslaughter was an acquittal of any higher degree of unlawful homicide and, therefore, eliminates all questions except those applicable to such conviction.

The accused requested the court to give the following instruction:

"6. There is no burden resting on the defendant to prove or otherwise establish his innocence. The burden of proving the defendant guilty of the offense charged, beyond a reasonable doubt, is upon the State. Before there can be a conviction of the defendant, the State must prove all the material elements of the alleged offense. If from the evidence introduced, or from a lack of evidence, you entertain a reasonable doubt as to whether or not the defendant committed said offense, you should acquit the defendant."

Which was refused and exception noted.

The Court had in the general charge instructed the jury as follows.

"A doubt which is not suggested by, or does not arise from the evidence is not a reasonable doubt, and should not be considered."

We think in view of this condition that the refusal to give the requested charge, *supra*, constituted reversible error.

Charges of this character were discussed in Wallace v. State, 41 Fla. 547, 26 So. 713. See text Fla. page 580. See also Sims v. State, 54 Fla. 100, 44 So. 737, Vasquez v. State, 54 Fla. 127, 44 So. 739.

In State v. Andrews, 77 N.J.L. 108, 71 Atl. 109, the Court said:

" . . . the instruction that a reasonable doubt must be one founded upon some evidence that was presented in the case was erroneous, as it excluded all reasonable doubt that may have arisen from the lack or want of evidence. Mackey v. People, 2 Colo. 13; McElven v. State, 30 Ga. 869; Brown v. State, 105 Ind. 385, 5 N.E. 900; Wright v. State, 69 Ind. 163,

35 Am. Rep. 212; Densmore v. State, 67 Ind. 306, 33 Am. Rep. 96; State v. Case, 96 Iowa 264, 65 N.W. 149; Hale v. State, 72 Miss. 140, 16 South, 387; Bray v. State, 41 Tex. 560; Bland. v. State, 4 Tex. App. 15."

See also Kelley v. State, 112 Miss. 245, 72 So. 928.

In Walker v. State, 82 Fla. 465, 9 So. 376, we said:

"The 9th ground of the motion for a new trial is predicated upon the instruction to the jury on reasonable doubt in which this language is used: 'A doubt which is not suggested by or does not arise from the evidence is not a reasonable doubt, and should not be considered.' It is contended that the words 'or lack of evidence' should have been included in the charge. While there seems to be much force in this contention, this court in the case of Vasquez v. State, 54 Fla. 127, 44 South. Rep. 739, held that the absence of these words is not ground for reversal; notwithstanding a reasonable doubt as to a person's guilt may arise more readily from lack of evidence than from evidence itself.

We are not prepared to overrule the Vasquez case, *supra,* but we think if the charge of reasonable doubt always contained the additional words 'or lack of evidence' it would state the true rule more clearly, and remove all criticism that the instruction without these words is misleading, and tends to prejudice the rights of a person on trial."

This case is to be differentiated from the Walker case in that in the Walker case there was no affirmative request for the giving of the instruction.

In December, 1929, the Supreme Court of Iowa, which had theretofore held in harmony with our Walker case, *supra,* had before it the case of State v. Anderson, 209 Iowa 510, 228 N.W. 353, 67 A.L.R. 1366, in which it, in a well reasoned opinion, overruled its former holding in this regard and reversed the judgment.

We adopt the reasoning and conclusion reached in that opinion.

Judgment reversed.

So ordered.

TERRELL, BROWN and ADAMS, JJ., concur.

CHAPMAN, C. J., THOMAS and SEBRING, dissent.

CHAPMAN, C. J., dissenting:

I think the conclusion reached .is a departure from our ruling in cases viz: Walker v. State, 82 Fla. 465, 90 So. 376, where we held that "or the lack of evidence," while subject to criticism, was not reversible error; Vasque v. State, 54 Fla. 127, 44 So. 739, where the words "or the lack of evidence" was not ·ground for reversal. The rule was reaffirmed by this Court in Bennet v. State, 127 Fla. 759, 173 So. 817; reaffirmed in Kimball v. State, 134 Fla. 849, 184 So. 847.

, In State v. Anderson, 209 Iowa 510, 228 N.W. 353, 67 A.L.R. 1366, the cited cases hold that two states—Mississippi and Missouri—hold to the minority rule viz: that in a definition of reasonable doubt, omitting "or the lack of evidence" is reversible error. Most other states, inclusive of Florida, hold that it is not reversible error to omit "or the lack of. evidence" from a charge defining reasonable doubt. See 67 A.L.R. 1379. Florida is committed to the rule that the omission of the words "or the lack of evidence" from a charge defining reasonable doubt is not erroneous.

.THOMAS and SEBRING, JJ., concur.