82 So.2d 356 (1955)
Herman BARWICKS, Alias Johnny Frank, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida, en Banc.
July 6, 1955.
Rehearing Denied September 14, 1955.
*357 Ray Sandstrom and Olin W. Cheshire, Lakeland, for appellant.
Richard W. Ervin, Atty. Gen., John S. Lloyd and Moie J.L. Tendrich, Asst. Attys. Gen., for appellee.
THORNAL, Justice.
For the alleged first degree murder of Beatrice McNeal, Herman Barwicks, alias Johnny Frank, was tried in the Circuit Court of Polk County and was convicted without recommendation of mercy. He was sentenced to death. On the judgment and sentence, after denial of a motion for new trial, Barwicks appeals, assigning many alleged errors.
In view of the seriousness of the charge and the severity of the penalty, the record has been thoroughly combed and studied in the light of the alleged errors assigned. In view of the conclusion which we have reached, we find that it would serve no useful purpose to review and pass upon each of the alleged errors. The appellant was represented in the Court below by able and aggressive counsel. An experienced Judge extended to him every assurance of a fair trial provided by the law and there is ample evidence to sustain the verdict of the jury.
We have examined and considered the record in this case in the light of briefs filed and have also, pursuant to sub-paragraph 2 of Section 924.32, Florida Statutes, 1953, F.S.A., reviewed the evidence to determine if the interests of justice require a new trial, with the result that we find no reversible error is made to appear and the evidence does not reveal that the ends of justice require a new trial to be awarded.
Affirmed.
DREW, C.J., and TERRELL, THOMAS, SEBRING, HOBSON and ROBERTS, JJ., concur.

On Petition for Rehearing
THORNAL, Justice.
By his petition for rehearing the appellant contends that in the original consideration of this appeal this Court overlooked two important questions hereafter discussed. These questions were not overlooked. On the contrary, they were carefully and cautiously *358 analyzed on the initial consideration of the cause.
Appellant contends again that he requested the trial Judge in writing to instruct the jury that a reasonable doubt can arise from the lack of evidence as well as from the evidence and that the request was refused.
The trial Judge very thoroughly instructed the jury on the matter of the burden of proof and the necessity of establishing guilt beyond a reasonable doubt. Among other well-stated instructions, the Judge informed the jury that:
"The defendant in every criminal case is presumed to be innocent until the State has by competent evidence proved his guilt to the exclusion of and beyond a reasonable doubt. Before this presumption of innocence leaves the defendant, every material allegation of the indictment must be proved by the evidence to the exclusion of and beyond a reasonable doubt, and this presumption of innocence accompanies and abides with the defendant as to each and every material allegation in the indictment, through each stage of the trial, until it has been so met and overcome by the evidence to the exclusion of and beyond a reasonable doubt."
By this instruction the State was required to bear the affirmative burden of proof imposed upon it by law.
Appellant contends, however, that this case is controlled by Simmons v. State, 156 Fla. 353, 22 So.2d 803. We must hold that it is not. In the Simmons case the Judge undertook to define a reasonable doubt in negative terms by instructing the jury as follows: "`"A doubt which is not suggested by or does not arise from the evidence is not a reasonable doubt, and should not be considered."'" After this instruction was given, the defendant requested an instruction, a part of which read: "* * * If from the evidence introduced, or from a lack of evidence, you entertain a reasonable doubt as to whether or not the defendant committed said offense, you should acquit the defendant." The Court refused to give this requested instruction. On appeal such refusal was held to be error in view of the fact that in undertaking to define a reasonable doubt, the Court had advised the jury that it must be a doubt suggested by, or arising from the evidence, whereas it can be a doubt that arises from lack of evidence.
In the case at bar there was no such definition of the term "reasonable doubt" as was given in the Simmons case. Therefore, no error was committed by the trial Judge in giving the instructions which he did give and in refusing to give the instructions which he rejected. It is true that the term "reasonable doubt" was not specifically defined in this case. However, the rule is that a failure to define the term "reasonable doubt" does not constitute reversible error unless a definition thereof is requested by a proper instruction. Knight v. State, 60 Fla. 19, 53 So. 541; Bynum v. State, 46 Fla. 142, 35 So. 65; Shiver v. State, 41 Fla. 630, 27 So. 36.
We have carefully examined the instructions requested by the appellant, especially his requested instructions numbered 9 and 13 so strongly relied upon. We find that the instructions so requested were not proper. They did not accurately and correctly state the law applicable and it would add nothing to this opinion to review them word for word. The trial Judge, therefore, properly declined to give them. After another thorough analysis of the instructions given we find that the jury was correctly advised on the law applicable and the defendant was given the benefit of every safeguard provided by law.
As a second ground for reconsideration of this appeal, the appellant contends that the lower Court committed error in sustaining objections to proffered testimony to the effect that three or four weeks prior to the homicide the deceased "cut" the appellant in an altercation. In view of the facts shown in the record, we can find no error in this ruling. The proffer was made to the Court in the absence of the jury. It *359 purported to show that some three or four weeks prior to the occurrence resulting in the death of Beatrice McNeal there was an altercation between the deceased and the appellant and in this altercation the deceased cut the appellant. The justification for the Judge's ruling was found primarily in his concluding interrogation of the appellant when the proffer was made as follows:
"The Court: And after that was over, why everything was all right and you went on and lived with Beatrice? A. Yes sir.
"The Court: For two or three weeks until this night when the shooting occurred? A. Yes sir."
The Court thereupon refused to allow the testimony "for the reason that it was too remote and they lived together ever since the time of the first encounter". The record otherwise showed that the deceased and the appellant lived together as husband and wife in a common-law relationship for some length of time. The trial Judge properly excluded the testimony for the reason that it was too remote to have any reasonable materiality to the subject of creating in the appellant's mind, as he contended, "the presence of imminent danger to himself at the hands of deceased" at the time of the homicide. Remoteness is established not only by the passage of time but also by the admitted intervening fact that the appellant and deceased resided together continuously between the time of the prior altercation and the time of the homicide. Obviously, the prior altercation could not have created in the mind of the appellant any concern as to his own safety while in the company of the deceased. As a matter of fact, the record abounds in evidence that would justify the jury in concluding that the theory of self-defense was completely exploded by the State.
Again we state that we have examined and considered the record in this case in the light of all of the briefs filed and also again, pursuant to sub-paragraph 2 of Section 924.32, Florida Statutes, 1953, F.S.A., we have reviewed the evidence to determine if the interests of justice require a new trial, with the result that we find no reversible error was made to appear and the evidence did not reveal that the ends of justice require a new trial to be awarded.
The petition for rehearing is, therefore, denied.
DREW, C.J., and TERRELL, THOMAS, SEBRING, HOBSON and ROBERTS, JJ., concur.