208 So.2d 843 (1968)
Jerry M. EGANTOFF, Sr., Appellant,
v.
STATE of Florida, Appellee (Two Cases).
Jerry EGANTOFF, Appellant,
v.
STATE of Florida, Appellee.
Nos. 67-422 to 67-424.
District Court of Appeal of Florida. Second District.
April 5, 1968.
Rehearing Denied May 2, 1968.
Robert E. Jagger, Public Defender, and Joseph F. McDermott, Asst. Public Defender, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
These three cases bring on for review before this Court separate judgments of conviction entered against appellant Jerry M. Egantoff, Sr., also known as Jerry Egantoff, defendant in the Court below, which have been consolidated for purpose of disposition here.
On July 10, 1962, Egantoff was charged with aggravated assault in an information *844 filed in the Pinellas County Circuit Court, and upon trial was found guilty by a jury on October 3, 1962. Thereafter, on October 18, 1962, adjudication and sentence was withheld and he was placed on probation for a period of five years.
On May 18, 1967, Egantoff was charged in two separate informations filed in the same Court with uttering forged bank checks. Upon a consolidated trial of these two informations he was found guilty by the jury on June 29, 1967, in separate verdicts rendered in each case. Motion for new trial being denied, he was adjudged guilty on September 28, 1967, and sentenced to imprisonment in each case. From these convictions, appeals have been lodged in this Court as our Case Nos. 67-422 and 67-423.
On September 7, 1967, the Circuit Court revoked the previous probation on the aggravated assault conviction in 1962. He was thereupon adjudged guilty and sentenced upon that charge, all three sentences to run concurrently. The aggravated assault conviction has been likewise appealed to this Court as our case No. 67-424. Upon motion of Egantoff, case Nos. 67-422 and 67-423 were consolidated in this Court, and on our own motion we have consolidated case No. 67-424 with the other two for purpose of disposition.
The record here shows that the revocation of probation in case No. 67-424 was grounded solely upon Egantoff's conviction by the jury in the two later cases involving the forged checks. Judge Overton, who had presided at the forged checks trial, was also the Judge at the revocation proceedings, and he did not rehear the evidence as to the forged checks but merely took cognizance of the jury verdicts, whereupon Egantoff's counsel waived further hearing as to revocation.
It is now settled law in this State that probation may be revoked solely upon conviction by a jury of a subsequent crime, provided the subsequent conviction is valid. State ex rel. Roberts v. Cochran, Fla. 1962, 140 So.2d 597. In the Roberts case, the second conviction occurred while defendant Roberts was an unmarried minor and his parents were not notified as required by F.S. Section 932.38, F.S.A. Such facts being established, the Supreme Court held the conviction, which was in Polk County, to be invalid, and therefore not providing sufficient legal basis for revocation of the previous probation, which was in Orange County. The Roberts opinion does not make clear just what type or nature of invalidity must infect the subsequent conviction in order to preclude it from being a predicate for a previous probation revocation.
In Roberts, as stated, the defendant was an unmarried minor and his parents had not been notified, as affirmatively provided by Florida law; therefore in a sense, the Court in Polk County never had proper jurisdiction to try and convict the minor defendant because an essential prerequisite to the trial itself had not been complied with. We can see an arguable difference between such situation and a situation where the conviction is subject to being set aside because of some technical trial error, such as the admission or non-admission of evidence or the giving or refusal to give some instruction on the law, something that would not go to the fundamental power of the Court to try and adjudicate the subject matter. But fortunately, in this case, we do not "come to grips" with this question because in our view Egantoff was legally convicted of the two forged check cases, and therefore the judgments appealed in all three cases must be affirmed.
The sole point urged here for reversal in the forged check cases is that the trial Judge erred in defining reasonable doubt to the jury and in overruling the "suggestion" of defense counsel that the instruction as given was deficient in that the jury was not instructed, in so many words, that "from lack of evidence a reasonable doubt can exist". No affirmative requested instruction was made on behalf of defendant.
*845 We hold that the trial Judge was not in reversible error for two reasons: (1) considering the given instructions as a whole, the jury was not improperly charged on reasonable doubt, and (2) even if the charge as given was insufficient, a requested instruction in writing should have been filed.

(1) The Instructions As Given.

The following references to reasonable doubt are taken from the Judge's charge: that the accused is presumed innocent until the State by competent evidence has "shown his guilt to the exclusion of and beyond a reasonable doubt" and before such presumption ceases "every material allegation of the information must be proved by the evidence to the exclusion of and beyond a reasonable doubt"; that "if any one of the material allegations * * * is not proved to the exclusion of and beyond a reasonable doubt, you must give the defendant the benefit of such doubt and acquit him"; that "proof of guilt to the exclusion of and beyond a reasonable doubt is indispensable"; and that "if after carefully considering, comparing and weighing all the testimony there is not an abiding conviction to a reasonable and moral certainty of the truth of the charge, then the truth of the charge is not made out beyond a reasonable doubt and there must be an acquittal, because the doubt is reasonable". The Judge then summarized his charge on reasonable doubt as follows:
"If after having heard and carefully considered all of the evidence that you have heard in the trial of this cause, you have any reasonable doubt in your mind as to the defendant's guilt of either of the offenses charged, then you must acquit him. On the other hand, if you are satisfied beyond a reasonable doubt of his guilt, then it is your duty to convict him of such offense as to which offense you are satisfied of his quilt beyond a reasonable doubt."
At a bench conference, after the charge was given but before submission to the jury, defense counsel commented that "I didn't think that the Court instructed that a reasonable doubt may arise from the lack of evidence. And the Court at one point said the jury may not go outside the evidence for a doubt. I recognize that as being correct, but also the jury may find from lack of evidence a reasonable doubt can exist. And I don't recall the Court instructing that."
We think counsel has misconstrued the purport, as well as the intendment, of the Judge's charge. It is true that at one point in his instructions the Judge stated: "the jury has no right whatever to go outside of the testimony for doubts of any kind." But what the Judge meant, and we are sure the jury understood, was that they could not go outside the evidence at the trial to look for "affirmative facts" upon which to base a reasonable doubt. This is not at all the same as a reasonable doubt which they might entertain after listening to all the evidence submitted to them. And the reasonable doubt thus entertained might just as logically be from a "lack of evidence" as from one or more aspects of the evidence itself. The Judge seemingly made this clear to the jury when he charged that "if after having heard and carefully considered all of the evidence * * * you have a reasonable doubt in your mind as to the defendant's guilt * * * then you must acquit him." This did not mean that the jury would necessarily have to disbelieve all or some of the testimony in order to acquit. They could believe all of it and still have a reasonable doubt. In such event, the reasonable doubt would have of necessity arisen from "lack of evidence". So the jury was, in effect, charged that a reasonable doubt could arise from a lack of evidence.
The cases of Vasquez v. State, 1907, 54 Fla. 127, 44 So. 739; Walker v. State, Fla. 1921, 90 So. 376; Simmons v. State, Fla. 1945, 22 So.2d 803; and Barwicks v. State, Fla. 1955, 82 So.2d 356, have been discussed and variably relied upon by both parties here, but for us to attempt to analyze them would be a futile exercise in semantics. They involve varying language used, or refused *846 to be used, by the trial Judges in defining reasonable doubt arising from the evidence or lack of it, but in our opinion they are not determinative of the legal sufficiency of the particular language used by the trial Judge here. The charge, taken as a whole, satisfied the requirements laid down in the cited cases.

(2) Lack Of Formal Requested Instruction.

Even if the trial Judge had not charged on reasonable doubt arising from the lack of evidence, either in terms or in effect, it would not have been reversible error in light of the record before us, because there was no formal written request for such instruction.
In the Barwicks case, supra, the identical point was involved, and there the Supreme Court said:
"Appellant contends * * * that he requested the trial Judge in writing to instruct the jury that a reasonable doubt can arise from the lack of evidence as well as from the evidence and that the request was refused.
* * * * * *
It is true that the term `reasonable doubt' was not specifically defined in this case. However, the rule is that a failure to define the term `reasonable doubt' does not constitute reversible error unless a definition thereof is requested by a proper instruction. [Cases cited]".
A long line of cases, beginning in 1898 with Rawlins v. State, 1898, 40 Fla. 155, 24 So. 65, down to Bagley v. State, Fla.App. 1960, 119 So.2d 400, emphasizes the stability of the foregoing rule. The comment made by defense counsel at the bench conference, even if well founded in substance, could not have qualified as a formal request.
The late Supreme Court case of State v. Jones, Fla.1967, 204 So.2d 515, adds emphasis to the rule. The rationale of the Jones case is that, since the advent of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, where defendants in criminal cases have the benefit of legal counsel, either privately employed or publicly furnished, the practice and procedure in such cases will be more rigidly required. We therefore hold that, even if it had been error for the trial Judge to refuse to give the desired charge on reasonable doubt, it would not have been reversible.
It follows that the judgments in cases Nos. 67-422 and 67-423 must be affirmed; and inasmuch as the convictions in those cases were the grounds for revoking probation in case No. 67-424 the judgment in the latter case is also affirmed.
LILES, C.J., and HOBSON, J., concur.