MANN, Judge.
Joe Cobb and Louis Banks had some disagreement about the relative merits of their cars. Cobb wanted to bet. Banks thought he was kidding, and continued to watch the traffic and play dominoes at the Little Delicatessen that Saturday. Cobb left, remarking to the proprietor outside the place that Banks was holding a bet for him and if he didn’t give it to him he was going to burn Banks up. Jimmy Nixon, down at the Star Station four blocks away, sold Cobb four cents worth of high test — Cobb specifically wanted high test — and delivered it into an oil can taken from the trash can. When Cobb reappeared at the Little Delicatessen an hour or so after the first encounter he approached Banks and poured some of the liquid on him, then struck a match. It went out. He struck another. It went out. He struck a third, which ignited Banks. Banks began running. Alvie Williams grabbed a sheet or blanket and “smothered him out.” Banks suffered second degree burns on much of his body. Cobb was convicted of assault with intent to commit murder in the first degree. He contends that the evidence is insufficient to support the verdict. Nonsense. If Banks had died Cobb could well have been charged with and convicted of murder in the first degree on this record. This is the test of the assault charge. See Thomas v. State, *373 85 Fla. 113, 95 So. 752 (1923). He is lucky: Banks lived.
Whatever fires may in the next world consume those who spend Saturdays in sloth, the rights of Louis Banks and other free men protect them against premature ignition. The jury was properly charged on reasonable doubt, substantially as recommended in Criminal Instructions, § 1.5-b in 1967 Florida Judicial Seminar, avoiding the error found in Wood v. State, 31 Fla. 221, 12 So. 539 (1893) and Bennett v. State, 127 Fla. 759, 173 So. 817 (1937). See Sims v. State, 54 Fla. 100, 44 So. 737 (1907). Cobb must pay the penalty the law exacts, hopefully returning to act always as Pasco Goins said he acted usually: “Like a nice fellow * * *. He’s got a smile on his face all of the time.”
Affirmed.
PIERCE, Acting C. J., and HOBSON, J., concur.