MANN, District Court Judge.
The Circuit Court of the Sixth Circuit is said to have committed reversible error in this case. The point which gives this court jurisdiction arises out of an order quashing witness subpoenas returnable before the public defender. This order recited that so much of Chapter 61-2663 as permits the defender to summon witnesses to testify before'him is violative of Article V, Section 3 of our Constitution, F.S.A. That section reads simply: “The practice and procedure in all courts shall be governed by rules adopted by the Supreme Court.” The order of the circuit judge properly recognized that in this particular the special act governing the public defender’s office in the Sixth Circuit contravenes Article V, Section 3.
Appellant secondly contends that the circuit court erred when a motion was filed seeking to compel the prosecuting attorney to furnish to the defendant the names and addresses of the witnesses on whose testimony the information was based and the judge granted the motion “to the extent that defendant be provided a list of witnesses and their last known addresses, to be used at trial.” This was error, but harmless. On the face of the information, under the printed caption “Witnesses for the State” were typed the names of four persons, three of whom testified. Our present rules, which became effective before this case was tried, afford liberal means for discovery, and CrPR 1.220, 33 F.S.A. was utilized by this defendant. No prejudice resulted from the circuit judge’s *410 erroneous limitation on the order granting the list of witnesses.
Thirdly, the judge before whom the trial was held is said to have charged the jury erroneously on reasonable doubt, failing to convey to them that such a doubt may arise from a lack of evidence. Simmons v. State, 1945, 156 Fla. 353, 22 So.2d 803, on which appellant relies, involved a charge that a “doubt which is not suggested by, or does not arise from the evidence is not a reasonable doubt, and should not be considered.” The charge given in this case avoided the error of suggesting that a doubt could not arise from the lack of evidence, although that possibility is implied rather than expressed directly, and is more nearly like the charges upheld in Vasquez v. State, 1907, 54 Fla. 127, 44 So. 739, and more recently in Cobb v. State, Fla.App. 1968, 214 So.2d 372.
The record being free from reversible error, the judgment must be affirmed.
ROBERTS, Acting C. J., DREW, CARLTON, ADKINS and BOYD, JJ., and WILLIS, Circuit Judge, concur.