PER CURIAM.
Appellant complains that the court improperly revoked his probation.
Appellant’s probation supervisor filed an affidavit alleging that he had violated his probation by trespassing in violation of the law and by failing to spend a year in a community correctional facility as required by the probation order. At the hearing the state simply showed that appellant had pled guilty to a charge of trespassing for which he had been sentenced to three days time served and that apparently as a result of the conviction he would not be reaccepted into the community correctional work release center. Appellant testified that the trespass came about as a result of a misunderstanding and that it was not really his fault.
We cannot accept appellant’s argument that the proof concerning his conduct was insufficient as a matter of law to satisfy the conscience of the court that the violations occurred. Appellant’s testimony about the circumstances of the trespass was certainly relevant because his conviction did not obligate the court to revoke his probation. Nevertheless, the state’s proof that he had committed a crime provided a basis upon which the court could revoke probation. E.g., Egantoff v. State, 208 So.2d 843 (Fla.2d DCA), cert. denied, 218 So.2d 164 (Fla.1968). Hence, this court cannot second-guess the court’s decision to do so.
AFFIRMED.
SCHEB, C.J., and GRIMES and CAMPBELL, JJ., concur.