511 So.2d 703 (1987)
Raul GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-3120.
District Court of Appeal of Florida, Third District.
August 18, 1987.
Rehearing Denied September 9, 1987.
*704 Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Ralph Barreira, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
Gonzalez appeals from a judgment and sentence imposed after a jury found him guilty of burglary and grand theft. We affirm the conviction but reverse the sentence.
The defendant first complains of an incident in which a police officer unresponsively volunteered that Gonzalez had been arrested for another crime. While this answer was obviously impermissible, it was not so serious in the context of the case as a whole to vitiate the entire trial and require that the defendant's motion for mistrial, which was the only relief sought below, be granted. See Duest v. State, 462 So.2d 446 (Fla. 1985); Palmer v. State, 486 So.2d 22 (Fla. 1st DCA 1986); Williams v. State, 443 So.2d 1053 (Fla. 1st DCA 1984); Bolen v. State, 375 So.2d 891 (Fla. 4th DCA 1979); Mabery v. State, 303 So.2d 369 (Fla. 3d DCA 1974), cert. denied, 312 So.2d 756 (Fla. 1975). Since there was no request for a curative instruction, which would have been the appropriate remedy for the ailment in question  and which the trial judge indicated would have been granted  no reversible error has been demonstrated. Duest, 462 So.2d at 448; Williams, 443 So.2d at 1054; Mabery, 303 So.2d at 370.
For similar reasons, we reject Gonzalez's claim that a new trial is required because the lower court inadvertently omitted a portion of the standard jury instruction which provided in part that a reasonable doubt could arise from a "lack of evidence"[1]  as the defendant argued to the jury was true of the state's case here. While again, the omission was unfortunate and should not be repeated, it does not entitle the defendant to a reversal. Unlike Simmons v. State, 156 Fla. 353, 22 So.2d 803 (1945), upon which Gonzalez relies, the charge actually given below did not "affirmatively" state or suggest that a reasonable doubt could not arise from a lack of evidence. Hence, as was directly held in the subsequent and controlling case of Miller v. State, 225 So.2d 409 (Fla. 1969), the lack of evidence qualification was sufficiently implied by the general reasonable doubt instruction so as to render it unnecessary to give (and therefore harmless not to) an explicit charge to the same effect. Accord Vasquez v. State, 54 Fla. 127, 44 So. 739 (1907); Cobb v. State, 214 So.2d 372 (Fla. 2d DCA 1968), cert. denied, 222 So.2d 747 (Fla. 1969); Egantoff v. State, 208 So.2d 843 (Fla. 2d DCA 1968), cert. denied, 218 So.2d 164 (Fla. 1968); see also Barwicks v. State, 82 So.2d 356 (Fla. 1955).
The trial judge departed upward from the guidelines because the defendant engaged in a violent altercation with courtroom officers during the sentencing. As the state acknowledges, this ground amounts to increasing one's punishment because of conduct for which no conviction has been obtained and is therefore prohibited by Florida Rule of Criminal Procedure 3.701(d)(11). This is the case even though *705 the impropriety occurs, as here, during the judicial process itself. E.g., Williams v. State, 500 So.2d 501 (Fla. 1986) (failure to appear for sentencing criminal offense; in absence of conviction Rule 3.701(d)(11) prohibits departure on this ground); Johnson v. State, 501 So.2d 158 (Fla. 3d DCA 1987) (absent conviction, willful failure to appear impermissible departure ground); Rease v. State, 485 So.2d 5 (Fla. 1st DCA 1986) (attempt to escape during transportation to sentencing impermissible departure ground). Accordingly, the cause is remanded for appropriate resentencing.
Affirmed in part, reversed in part.
NOTES
[1] The part omitted from Florida S.J.I. 2.03 was as follows:

It is to the evidence introduced upon this trial, and to it alone, that you are to look for that proof.
A reasonable doubt as to the guilt of the defendant may arise from the evidence, conflict in the evidence or the lack of evidence.
If you have a reasonable doubt, you should find the defendant not guilty. If you have no reasonable doubt, you should find the defendant guilty.
When the omission was objected to by defense counsel before the jury retired, the trial judge erroneously observed that the charge in question had been "knocked out by the Supreme Court."