DANIEL T. LOWE, ALIAS RED LOWE, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed January 26, 1928.

*J. C. Durrance* and *Percy L. Thomas,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for Defendant in Error.

PER CURIAM.—Daniel T. Lowe was indicted, tried and convicted of the crime of rape in Duval County, Florida. The trial took place October 4, 1926, the verdict was without recommendation, so the death penalty was imposed. Lowe took writ of error to this Court and seeks reversal on the ground, (1) that the trial court erred in denying his motion for continuance, (2) refusal of the trial court to give charges requested by defendant, (3) the admission in evidence of a certain newspaper found in defendant's possession when he was arrested, (4) in sufficiency of the evidence to support the verdict, and (5) denial of defendant's motion for new trial.

The motion for continuance was predicated on the showing that only four days elapsed from the date of the appointment of counsel to represent Lowe to the date of his trial, and that during said time he was so closely guarded that counsel could not see him privately and did not have sufficient opportunity to prepare his defense.

It is true that under our system of jurisprudence the constitutional guaranty of fair and impartial trial contemplates the benefit of counsel and ample opportunity to pre-

pare for trial, which opportunity is governed by the facts of the individual case. Anderson v. State, 92 Fla. 477, 110 So. 250; Christie v. State, decided August 1, 1927. The motion for continuance is devoid of any showing of facts or circumstances such as was shown in the Anderson and Christie cases, that would indicate that four days was not ample time to prepare for the trial of this cause. It was the duty of the jailor or those having the defendant in custody to make provision for him to be seen and consulted by counsel, but no showing is made of a request or demand for such provision and a refusal thereof. No error was, therefore, committed in denying the motion for continuance.

We think the charges requested by defendant were properly denied because the general charge given by the court fully covered the law of the case. The newspaper found in possession of defendant was properly introduced in evidence and the entire record amply supports the verdict below.

The judgment of the Circuit Court of Duval County, Florida, must be and is hereby affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND BROWN, J., concur in the opinion and judgment.

STRUM, J., absent because of illness.