CECIL MESSER, EUGENE HUGHES and BILL JOHNSON v. State.

162 So. 146.
Division A.
Opinion Filed June 14, 1935.

*Beacham & Gaulden,* and *E. M. Baynes,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General; and *Roy Campbell,* Assistant, for the State.

DAVIS, J.—This is a writ-of-error from a judgment of conviction of felony in a Criminal Court of Record whereon complaint is made by the convicted offenders that the presiding judge erroneously gave to the trial jury the following charge:

"The Court charges you that it is upon the testimony and the testimony alone that you are to make up your ver-

dict; you are not to be concerned with the argument of counsel or anything outside of the testimony brought to you from the witness stand."

. Section 11 of the State's Bill of Rights makes it a constitutional privilege of an accused person to be "heard" by himself or counsel, or both.

. The constitutional right of an accused to be "heard" by counsel is stated in language of emphasis that means just what it says. It should be respected in substance as well as in form by the trial courts. The United States Supreme Court in Powell v. State of Alabama, 287 U. S. 45, 53 Sup. Ct. Rep. 55, 77, L. Ed. 158, 84 A. L. R. 527, has gone so far as to hold that the constitutional rights to be heard by counsel is an indispensable part of due process of law itself as required by Federal law under the Fourteenth Amendment. The right to be heard by counsel being a constitutional one, it follows that no intentional, nor unintentional, frittering away of the constitutional privilege in this regard should be tolerated in the form of a judge's charge to a trial jury calculated to convey to it the impression that respectable practitioners of law, when they appear in the criminal courts to defend persons accused of crime, are (in the vernacular of the underworld) to be looked down upon as mere "mouthpieces" with whose arguments the trial juries should never be "concerned."

Every trial jury should be left free to weigh and consider the evidence adduced before it in the light of all proper and reasonable arguments of counsel appearing both for the accused and the State, and for that reason alone the argument of counsel is of the highest importance to a defendant.

That the State itself considers arguments of learned counsel in criminal cases a valuable aid to a trial jury, is

proven by the fact that under the Constitution and laws of Florida, the State itself expends annually many thousands of dollars in employing and paying the compensation of State Attorneys to adduce in its behalf arguments to trial juries designed to secure conviction of persons who are charged with violating its laws.

Under the old common law (now obsolete by reason of Section 8385, C. G. L., 6080 R. G. S.), it was the lawyer for the accused, not the accused himself, who was required to bear the burden of the defense through defensive arguments, because the accused, as such, was disqualified as a witness at common law, by reason of his interest in the result of the trial, and therefore could not assist his case by personally giving any evidence in his own behalf.

The removal by statute of an accused person's disability to personally testify in his own behalf, was intended as an additional privilege to him. Merely because the accused is now permitted to be a witness in his own behalf, he is not thereby to be deprived of his right to be heard by counsel, which means an effective right to be heard by counsel addressing the auditory faculties of a jury receptive to listening and considering what counsel has to present in the case in the light of what has been made to appear in the evidence.

We also hold it to be error in a prosecution for assault and robbery while unarmed, for the trial judge to permit the County Solicitor, over objection of defendant, to inject into the cross examination of the defendant appearing as a witness in his own behalf, veiled innuendoes and suggestions of general criminality calculated to arouse in the minds of the jury a spirit of resentment against the persons on trial and inspire the belief on the jury's part that regardless of the merits of the particular case being tried, the accused should be found guilty because of his being generally

suspected of other offenses, or because he has once before been convicted of a criminal offense not constituting a part of the charge on trial, nor relevant or material thereto.

Notwithstanding the errors complained of and found to have been committed against plaintiffs in error, as hereinbefore pointed out, the learned Assistant Attorney General who briefed and orally argued this case at the bar on behalf of the State, most earnestly insists that the evidence of guilt is of such conclusive character against the plaintiffs in error, that the judgment should be affirmed under the harmless error statute (Section 4499 C. G. L., 2812 R. G. S.) regardless of the existence of such errors.

In refusing to uphold the present judgment solely on the authority of the harmless error statute, a majority of the Court approve the holding of the Texas Court of Civil Appeals in Quanah A. & P. Ry. Co. v. Galloway (Tex. Civ. App.), 154 S. W. Rep. 653, which is to the effect that such a statute as our harmless error law, is not to be considered as affording an omnibus panacea for all the ills that may afflict cases brought to this court for treatment on writ of error, where the error found to exist is a substantial one to the prejudice of an accused convicted and sentenced for a serious offense.

Reversed for a new trial.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur in the opinion and judgment.