GEORGE D. OLIVE v. STATE.

179 So. 811.
Division B.
Opinion Filed February 25, 1938.
Rehearing Denied March 30, 1938.

*Willson & Martin,* for Plaintiff in Error;

*Cary D. Landis.* Attorney General. and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

CHAPMAN, J.—On October 14, 1936, plaintiff in error, George D. Olive, was indicted by a grand jury of the Circuit Court of Polk County, Florida, for murder in the first degree by shooting to death one O. M. Hall with a rifle. He filed a plea of not guilty to the indictment, was placed

upon trial and was convicted of murder in the second degree and by the Judge sentenced to the State Penitentiary for a period of 25 years. A motion for a new trial was overruled, bill of exceptions signed and settled, writ of error sued out and the cause is here for review on a number of assignments of error.

It is contended that reversible error was committed in the lower court when the witness George Maddox was called to the stand as a court witness over the objection of the defendant. The State Attorney announced that "there is a witness who was an eye witness to the transaction in the Olive place at the time of the shooting, but because of some conflicting statements the witness has made and because of the fact that he is a very close associate of the defendant, the State does not wish to vouch for him. I think before the State can ask the Court to call a witness it is the province and duty of the State Attorney to explain to the Court why he desires the witness called as a court witness. I do not care to vouch for him and I am asking the court to call him as a witness and let him testify of his own knowledge of the facts as a court witness."

Counsel for defendant objected because it was highly improper and the statements made were improper in the presence of the jury and there was no showing made that the proposed statements would not be true or adverse to the State or defendant. Whereupon the court called the witness and he was examined by counsel for the respective parties. It is urged that this action on the part of the lower court was reversible error. The contention of counsel for plaintiff in error with reference to this assignment cannot be sustained. In the case of Selph v. State, 22 Fla. 537, it is said: "The presiding Judge has a right, in the exercise of a sound discretion, to call a witness either for or against the prisoner, and when so called and questioned

by the Court to permit both sides to cross-examine him."
The record in this case shows that witness Maddox was
called to the stand, duly sworn and by the court interro-
gated. Counsel for the respective parties subsequently ex-
amined the witness Maddox. There was no error in this
assignment. See Morris v. State, 100 Fla. 850, 130 So. 582.

Questions 1, 2, 3, and 4 are each predicated on charges
or instructions of the Court to the jury upon the law of
the case. Exceptions were taken to each charge or instruc-
tion and assigned as error. We think that each of these
questions can be considered under a single assignment. We
have carefully examined each of the challenged instructions.
In determining the correctness of charges or instructions,
they should be considered as a whole, and, if as a whole,
they are free from error, an assignment predicated on iso-
lated paragraphs or portions standing alone might be mis-
leading or erroneous must fail. It is well settled that in
passing on a single charge or instruction it should be con-
sidered in connection with all other charges bearing on the
same subject. The rule is well expressed in Lewis v. State,
55 Fla. 54, text 63, 45 So. 998, when it was said:

"It is settled law in this court that in passing upon a
single instruction or charge it should be considered in con-
nection with all the other instructions and charges bearing
on the same subject, and if, when thus considered, the law
appears to have been fairly presented to the jury, an assign-
ment predicated upon the giving of such instructions or
charge must fail, unless under all the peculiar circumstances
of the case the court is of the opinion that such instruction
or charge was calculated to confuse, mislead or prejudice the
jury. Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400,
43 South. Rep. 318, and authorities therein cited; Davis v.
State, 54 Fla. 34, 44 South. Rep. 757; Atlantic Coast Line
R. Co. v. Beasley, 54 Fla. 311, 45 South. Rep. 761; Cross

v. Aby, decided here at this term. It is also settled law here that where an instruction, as far as it goes, states a correct proposition of law, but is defective because it fails to qualify or explain the proposition it lays down in consonance with the facts of the case, such defect is cured if previous or subsequent charges or instructions are given containing the required qualifications or exceptions. It is not required that a single instruction should contain all the law relating to the particular subject treated therein. Atlantic Coast Line R. Co. v. Crosby, *supra*, and authorities therein quoted."

We think the charges or instructions to the jury, considered in the light of other charges given, that there was no error committed in this connection on the part of the lower court. See Lowe v. State, 95·Fla. 81, text 83, 116 So. 240. We fail to find error in the instructions or charges given and assigned as error.

The bill of exceptions shows the following proceedings: "During the argument of Mr. Martin, counsel for defendant, the following statement was made: 'I do not know why the State Attorney should not call as state witnesses those who are called as court witnesses. It looks like the State Attorney is very anxious to get a conviction in this case and he has used every sort of method and has gone to every length to do that. I will tell you he has done that, and it is because he will be up for election next year and he thinks a conviction in this case will help him politically.' To which statement the State Attorney objected as follows: 'Such a statement is unfair, unjust and not justified either by the conduct of the State Attorney before or in the trial of this case or in the record and testimony in the case.' The Court ruled as follows: 'That argument is entirely improper, Mr. Martin, and the Court will have to reprimand you for it.'"

It is contended by plaintiff in error that the proceeding, *supra,* was prejudicial to plaintiff in error, placed defendant's counsel in an improper light before the jury, and was grossly unfair, and in effect denied the defendant the right to be heard by counsel. The case of Messer v. State, 120 Fla. 95, 162 So. 146, is cited and relied upon by counsel for plaintiff in error. We have examined this authority and can readily agree with the holding of the Court. A similar proceeding was before the court in the case of 'Stewart v. Beggs, 56 Fla. 565, text 568, 47 So. 932, viz.:

"During the progress of the trial the court saw fit, in support of its dignity, to impose a fine of twenty-five dollars upon the plaintiff in error, for contempt of court in persisting in a forbidden line of cross-examination and instructed the sheriff to collect the fine during the recess of the court. It is urged that such a rebuke in the presence of the jury was prejudicial, and that the court should have permitted an offered explanation. While it may be well to have the jury retire when practicable to avoid unduly prejudicing them, yet when a party needlessly and persistently aggravates and exasperates the judge beyond endurance, the consequences should be laid upon his shoulders rather than those of the innocent party. * * *"

The lower court did not require the jury to retire when the proceedings, *supra,* occurred. It has not been made to appear that reversible error was committed. The ruling on the part of the court clearly shows that the proceedings were beyond all legitimate bounds, and that it was in keeping with proper court decorum. The responsibility rested on the court to given to the defendant a fair and impartial trial. It is possible that the better procedure would require the retirement of the jury when the court was reprimanding counsel, but at the most only harmless error was committed. The responsibility rests with the attorneys as officers of the

court to aid and assist the court in the administration of the law. In stubornly contested suit sometimes the duty of counsel to the court is occasionally overlooked or disregarded, but the solemn responsibility to administer the law and dispense justice rests with the court and all possible assistance should be given.

Counsel for defendant contends that the evidence offered on the part of the prosecution is insufficient in law to sustain a verdict of murder in the second degree. We have read the testimony offered by the respective parties and upon which the jury based its verdict. We have examined the citations of authorities relied upon by counsel for plaintiff in error to support their contention. This court in considering the sufficiency of the evidence to sustain the verdict in the case of Lindsey v. State, 53 Fla. 56, text 68-69, 42 So. 87, said:

"* * * This court will not reverse a ruling of the trial court refusing a new trial on the ground of insufficient evidence, even though there be conflict in the evidence, unless the preponderance is such that the jury might have been improperly influenced to render the verdict. We can not say such is the preponderance of the evidence in this case."

"Likewise in the case of Pickerson v. State, 94 Fla. 268, text 271-2, 113 So. 707, this Court said:

"* * * The bill of exceptions discloses sufficient evidence from which the jury might have legally found or inferred all the essential elements of the offense of which the defendant was found guilty. There is nothing in the record indicating that the jury was influenced by consideration other than the evidence. Under such cirumstances the order of the court refusing to grant a new trial for insufficiency of the evidence, will not be reversed, unless, after allowing all reasonable presumptions for its correctness, the pre-

ponderance of the evidence against the verdict is so decided or manifest as to clearly convince the appellate court that such verdict is wrong and unjust * * *"

The evidence shows that the parties engaged in a heated argument about a report to the effect that_____had robbed a post office. One word brought on another when a fight started when deceased told defendant "he didn't have the guts to shoot him." There was some evidence that a knife with blood on the blade was found near the *locus in quo* and it was contended that the deceased was approaching or advancing on defendant when he fired the fatal shot. Likewise it was shown that deceased was a right handed man and after he was killed a lighted cigarette continued to burn in the fingers of the right hand, thereby negativing the theory that deceased was advancing on the defendant with the knife. The defendant had some wounds on his person. The court at the request of counsel for defendant called a witness by the name of Joe Miller and was by the Court interrogated and subsequently by counsel in the case. The Court denied a motion of the defendant for a directed verdict and without placing the defendant on the stand to give the jury his version of the fatal difficulty, the cause was submitted to the jury. We have examined each assignment of error relied upon by counsel for Plaintiff in Error. The judgment is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

BROWN, J. (concurring).—I do not think it was reversible error in this case, but I doubt the propriety of the statement in the jury's presence by the State Attorney, when asking the court to call Maddox as a court witness, to the effect that said witness had made conflicting statements and

was a close associate of the defendant. If the jury had been sent out, the statement as made, when made to the Court alone, would have been entirely proper.