46 So.2d 19 (1950)
PORTER
v.
GORDON et al.
Supreme Court of Florida, Division A.
May 5, 1950.
Earnest, Lewis & Smith, West Palm Beach, for appellant.
Johnson & Johnson, West Palm Beach, for appellees.
TERRELL, Justice.
This is an action for personal injuries by Robert W. Gordon, a minor, growing out of a collision between an automobile driven by the defendant Ruth C. Porter and a bicycle ridden by plaintiff. The father W.H. Gordon also brought an action to recover loss of earnings and medical expenses growing out of the same collision. A motion to consolidate the two actions was overruled. A trial of Robert W. Gordon's case resulted in a verdict and judgment for damages in the sum of $500 for the plaintiff. A motion for new trial was granted, limited to the question of damages only. The defendant appealed from that judgment.
The real point for determination is whether or not a Circuit Court has the power to grant a new trial limited to the question of damages only.
By the text books, a judgment for the plaintiff in a personal injury case consists of two elements, liability and damages. At the common law the Supreme Court had the power to separate these elements and grant a new trial on the question of damages only, but the Circuit Court had no *20 such authority. Where this is done, the judgment is permitted to stand in other respects. In this state the Supreme Court may reverse for a new trial on the question of damages only, but no such authority has been vested in the Circuit Court.
Section 59.34, F.S.A. provides that on an appeal the Supreme Court "shall examine the record, and reverse or affirm the judgment, sentence or decree of the court below; give such judgment, sentence, or decree as the court below should have given; or otherwise as to it may appear according to law." Section 25.03, F.S.A. (Chapter 21995, Acts of 1943, F.S.A. § 25.47 and note) among other things authorizes the Supreme Court to prescribe "rules, forms of process, writs, pleadings, motions and the practice and procedure in actions at law and suits in equity" for other courts as it may deem expedient.
From either of these statutes it follows that the Supreme Court has ample power to reverse for a new trial on the question of damages only or it may authorize the Circuit Court by rule or order to do so. We think there are cases in which such procedure would be wise and when shown to be so, we will not hold the Circuit Court in error for so adjudicating. We think however, that the facts presented by the record at bar are such that the case should be retried on the merits. While the trial court held that the evidence was ample to show negligence on the part of the defendant and a lack of contributory negligence on the part of the plaintiff, he also found that the verdict "was induced by some prejudice or some misconception of the law, which has resulted in such an inadequate amount, that it does in fact shock the judicial conscience." The record has been examined and we think it is such that justice requires that the case be presented to another jury.
We are also of the view that the motion to consolidate and try the two cases together should have been granted. The parties are the same, the lawyers are the same and the same witnesses will in the main be offered. The matter of assessing such medical and other bills, including loss of earnings for the father as may be proven is not so complicated that the same jury cannot hear and resolve it under appropriate instructions.
The judgment is accordingly reversed and a new trial awarded.
ADAMS, C.J., and THOMAS and ROBERTS, JJ., concur.