71 So.2d 172 (1954)
BRINSON
v.
HOWARD et al.
Supreme Court of Florida. Special Division B.
March 12, 1954.
Rehearing Denied April 12, 1954.
Milton Kelner, Miami Beach, for appellant.
Dixon, DeJarnette & Bradford, Miami, for appellees.
THOMAS, Justice.
The appellant was awarded a verdict and the court accordingly entered a judgment in his favor. Then the appellees filed a motion for new trial. This was granted "as to damages only."
The action was brought for injury suffered by the plaintiff when the car of the defendants ran over him. An element of the resulting damage was the aggravation of a previous injury to one of plaintiff's shoulders. In their motion for new trial, the appellees challenged the action of the *173 judge in refusing instructions they had requested relative to the appellant's condition at the time of the mishap. The judge recited in his order that he considered the charges requested by the appellees inadequate but had concluded that he was remiss when he didn't charge the jury on his own account with reference to this feature of the damage  a matter we consider, from our study of the record, quite important.
As we have often announced a motion for new trial is addressed to the sound discretion of the trial judge and his disposition of it will not be disturbed unless abuse is shown. This is particularly true if the order is one favorable to the movant. Mead v. Bentley, Fla., 61 So.2d 428. We have gauged the judge's action in this case by the rules long since adopted by us and have found no reason to reverse the order. We hold this view despite the restriction that the next trial be limited to an inquest to fix damages.
This court decided, in 1950, that under Chapter 21995, Laws of Florida, Acts of 1943, F.S.A. § 25.47, and Section 59.34, Florida Statutes 1941, and F.S.A., as amended in 1945, it had "ample power" to reverse the judgment of a circuit court and direct a re-trial on the sole question of damages or to "authorize the Circuit Court by rule or order to do so." Porter v. Gordon, Fla., 46 So.2d 19, 20. It should be said here, however, that at the time this case was decided no rule empowering the circuit courts to grant motions for new trial and confine the issue to damages had been promulgated by this court. Such action under Section 25.47, Florida Statutes 1951, and F.S.A., came later, as we shall see.
It was held in the cited case that while this Court had such authority, the circuit court did not have. This pronouncement was tempered with the statement that if the circuit court followed such procedure and it appeared wise in the circumstances of the controversy the ruling would not be reversed.
In April, 1952, the court referred to the opinion in Porter v. Gordon, supra, as containing the reasons why the circuit court was without such power, then announced, generally, that a new trial on the sole question of damages "should not be granted unless liability on the part of defendant is clearly shown and it is not deemed necessary for any reason to try that issue again." Remsberg v. Mosley, Fla., 58 So.2d 432, 433.
When these two cases are compared it is not difficult to draw from them the connotation that even though the circuit court had no such power this Court would not reverse, if such an order appeared justified by the severability of the issues. In other words, this Court would determine whether error had resulted because of the in-severability of the issues and if not, would in effect, ratify what the circuit court had done originally, and what this Court could have ordered it to do under Section 59.34, supra.
Applying now the decision in Porter v. Gordon and Remsberg v. Mosley, supra, we conclude that the circuit judge ruled properly in granting a new trial; and we hold that he ruled wisely in restricting the new trial to damages not only because of his conviction about the charges on a material element of damage but also because of the recital in his order that the "defendants concede that there was no error at the trial relating to liability * * *."
We approach the question of the cross-appellants with the hope that we can settle, once for all, the power of a circuit judge to confine a new trial to the issue, or amount, of damages. In the interest of facility, expedition and economy he may now on his own account, if the situation warrants, grant a new trial on the lone issue. Common Law Rule 41(a) adopted after the decisions in Porter v. Gordon, and Remsberg v. Mosley, supra, provides a "new trial may be granted to all or any of the parties and on all or a part of the issues in an action in which there has been a trial by jury * * *." (Italics supplied.) This course is harmonious with the procedure permitted by Common Law Rule 43(c). There it is provided that "A summary judgment, interlocutory in character, *174 may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." It seems consistent also with our decision approving the action of a circuit judge in restricting the proof to damages where liability is admitted at the outset of a trial. Barton v. Miami Transit Co., Fla., 42 So.2d 849.
We conclude that no error was committed and the order granting a new trial is
Affirmed.
ROBERTS, C.J., DREW, J., and PATTERSON, Associate Justice, concur.
DREW, Justice (concurring specially).
I am in entire accord with the foregoing opinion of Mr. Justice THOMAS, but I believe we should emphasize that what we are concerned with here is the power of a Circuit Judge to grant a new trial on the question of damages only. Any abuse of this power would be subject to review and correction by this Court. The record in this cause convinces me that there was no abuse of the power but on the contrary, a very wise and just exercise of it.
THOMAS, J., and PATTERSON, Associate Justice, concur.