81 So.2d 493 (1955)
Ruby P. WARD, Appellant,
v.
Frank H. HOPKINS, Appellee.
Supreme Court of Florida. Special Division B.
June 17, 1955.
Rehearing Denied July 21, 1955.
Fowler, White, Gillen, Yancey & Humkey, Tampa, for appellant.
Branch & Goff and McEwen & Cason, Tampa, for appellee.
DREW, Chief Justice, and THORNAL, Justice.
In a negligence case arising out of the collision of two automobiles, one driven by the appellant, defendant below, and the other driven by the appellee, plaintiff below, the jury rendered a verdict in favor of the defendant.
Upon motion of the plaintiff the trial Judge granted a new trial for the reason as stated in his order that "* * * the testimony in said cause is conflicting and the Court being fearful that the admonishment of Plaintiff's counsel by the Court in the presence of the Jury could have affected the verdict of the Jury in the above cause * * *". On an appeal by the defendant *494 from this order the sole question is whether the trial Judge committed error in granting a new trial for the reason stated.
The basis for the granting of the motion for a new trial was an exchange between the Court and counsel for the plaintiff which occurred in the cross examination of a physician who was testifying to the extent of plaintiff's disability. Mr. Goff was attorney for the plaintiff and Mr. Tanney was attorney for the defendant. The exchange between Court and counsel to which the trial Judge made reference in his order, beginning with the question by plaintiff's counsel, was as follows:
"Q. Would you like to look at his hand now, and determine whether he can straighten his fingers out?
"The Court: Well, that's not a proper question to ask him if he would like to look at it.
"Mr. Tanney: If Mr. Goff had wanted an examination before the trial, Dr. Ruskin would have been glad to see him.
"The Court: Yes, I think that's not a proper question. You can make him your witness and let him examine him, if you want to * * *.
"Mr. Goff: He has testified about the condition * * *.
"The Court: * * * if you pay him for the examination. I guess he'd make one, I don't know, but I think that's a highly improper question to ask a professional witness, because he doesn't usually work for nothing.
"Mr. Goff: There's no argument about money; I've paid him for everything that he's done for me.
"The Court: I've never found lawyers or doctors either one working for nothing.
"Mr. Goff: Well, it isn't a question of fee. I'm asking him if he wants to examine this man.
"The Court: You want * * * you're asking the witness to examine the man now, and * * *.
"Mr. Goff: Yes sir; I'll pay for it.
"The Court: * * * give an opinion? Of course, that's what you meant.
"Mr. Goff: Yes sir.
"The Court: Well, he doesn't examine people unless he gets paid for it, ordinarily.
"Mr. Goff: Well, I'll reframe my question, and ask him if he would like to make an examination, now at my expense, of Mr. Hopkins.
"The Court: Well, it's too late for that now, Mr. Goff. Don't try to make that kind of a grandstand here before the jury * * *.
"Mr. Goff: All right, sir.
"The Court: * * * because I don't like that kind of stuff.
"Mr. Goff: All right.
"The Court: You know that isn't proper, too; you've been in the game long enough to know better."
It is well settled that the granting or denying of a motion for a new trial rests in the sound judicial discretion of the trial Judge and that his order is entitled to a presumption of correctness. Bailey v. Lloyd, Fla., 1953, 62 So.2d 56.
An examination of the record convinces us that if the scene in the trial Court at the time of the exchange between the Judge and counsel could be re-enacted with all the overtones  the inflection of the voices  the expression on the face of the Judge and the faces of the Jury  and the general atmosphere of the court room, there could be found ample justification for the fears of the trial Judge that the admonishment of plaintiff's counsel in the fashion above quoted might well have affected the verdict of the jury.
The obvious desire of the trial Judge to see complete and unfettered justice done, *495 doubtless influenced by the elements above suggested, undoubtedly impelled him to the conclusion that a new trial should be granted. His judgment under the circumstances is more likely to be right than the judgment of this Court based entirely on an examination of the record without the benefit of direct contact with the occurrences which transpired in the trial Court.
The Circuit Judge exercised a judicial discretion thoroughly justified by the record and supported by a laudable objective. The order granting the motion for new trial is sustained. See Brinson v. Howard, Fla., 71 So.2d 172; Florida Coastal Theatres, Inc., v. Belflower, 159 Fla. 741, 32 So.2d 738; 30 F.S.A. Common Law Rule 41(f), as amended March 18, 1952.
Affirmed.
TERRELL and HOBSON, JJ., concur.
THOMAS, SEBRING and ROBERTS, JJ., dissent.
ROBERTS, Justice (dissenting).
This is an appeal from an order granting a new trial in a negligence case arising out of a collision between an automobile being driven by plaintiff and one being driven by defendant. The jury returned a verdict in favor of the defendant, and, upon motion of plaintiff, the trial judge granted a new trial for the reason, as stated in his order, that "the testimony in said cause is conflicting and the Court being fearful that the admonishment of Plaintiff's counsel by the Court in the presence of the Jury could have affected the verdict of the jury in the above cause * * *." The defendant has appealed from this order, and the sole question here is whether the trial judge committed error in granting a new trial for the reason stated therein.
This court has many times said that the granting or denying of a motion for a new trial rests in the sound judicial discretion of the trial judge and that his order in this respect is presumed to be correct. Bailey v. Lloyd, Fla. 1953, 62 So.2d 56, and cases there cited. We have also said that "A stronger showing is required to reverse an order granting a new trial than one denying it." Martin v. Stone, Fla. 1951, 51 So.2d 33, 34. We cannot, however, overlook the fact that when a litigant has expended time, money and ingenuity in the preparation and conduct of a trial, the cause has been submitted to a jury, and the jury has returned a verdict favorable to such litigant, the litigant has acquired some right in the verdict; and if he suffers an adverse ruling on a motion for new trial, he has a statutory right to review of such order and "to have a judgment in his behalf entered if he demonstrates that error was committed". Ebersole v. Tepperman, Fla. 1953, 65 So.2d 564, 565. A careful analysis of the colloquy between the court and counsel which formed the basis of the trial judge's order in this case has convinced us that his admonishment of counsel for plaintiff in the presence of the jury was harmless error, if error at all.
The passage between the court and counsel occurred when, in cross examining a physician who was testifying to the extent of plaintiff's disability, counsel for the plaintiff asked the witness if he would like to look at plaintiff's hand again and "determine whether he can straighten his fingers out." The trial judge remarked that this was not a proper question to ask a professional witness, "because he doesn't usually work for nothing." Counsel for plaintiff then said: "Well, I'll reframe my question, and ask him if he would like to make an examination, now, at my expense, of Mr. Hopkins." That portion of the conversation containing the admonishment to counsel followed shortly thereafter and is as follows:
"The Court: Well, it's too late for that now, Mr. Goff. Don't try to make that kind of a grandstand here before the jury * * *.
"Mr. Goff: All right, sir.
"The Court: * * * because I don't like that kind of stuff.

*496 "Mr. Goff: All right.
"The Court: You know that isn't proper, too; you've been in the game long enough to know better."
No objection to these remarks was made by counsel for plaintiff until after the adverse verdict of the jury, and the objection was then incorporated in the Motion for New Trial.
We can understand how the eminent trial judge, realizing that his remarks may perhaps have gone beyond the bounds of proper judicial admonishment and being sensitive to his own momentary lapse from the high standard of judicial decorum which he customarily maintains, would be impelled to "lean over backwards" and grant a new trial because of his own remarks, but we cannot agree with him in his decision that they constituted reversible error.
As we interpret the previous rulings of this court, in order for admonishments or reprimands of counsel by the trial judge to constitute reversible error, they must have prejudiced the party whose counsel was rebuked, Stewart v. Beggs, 56 Fla. 565, 47 So. 932; Olive v. State, 131 Fla. 548, 179 So. 811; and we think the record here shows clearly that no prejudice resulted to the plaintiff from the remarks referred to above. The only conflict in the evidence relating to the negligence of the parties (contributory negligence was pleaded by the defendant) was as to the speed at which the respective parties were traveling when they entered the intersection where the collision occurred. The three persons actually involved in the accident  the plaintiff and his 12-year-old son and the defendant  each gave a different version of the speed of the respective cars. But there were two apparently disinterested witnesses who observed the accident and who testified as to the plaintiff's high rate of speed when he entered the intersection, from whose testimony the jury had the right to infer that the plaintiff's speed was a contributing cause of the collision. And we are unable to see how the court's admonishment to plaintiff's counsel  even though, as contended here, it "unnecessarily castigated and cast aspersions on plaintiff's counsel before the jury,"  could have any effect, one way or the other, on the jury's evaluation of the testimony of these disinterested witnesses.
Under these circumstances, we think, as did the Missouri court in Herdler v. Buck's Stove & Range Co., 136 Mo. 3, 37 S.W. 115, 117, in considering a similar question, that "the learned judge, in setting aside the verdict on this ground, was governed more by a sense of delicacy than of robust justice * * *" and that the error, if any, was harmless and legally insufficient to disturb the verdict of the jury. Where that is the case, an order granting a new trial must be reversed. Martin v. Stone, Fla. 1951, 51 So.2d 33.
For the reasons stated, the order appealed from should be and it is hereby reversed and the cause remanded with directions to enter judgment for the defendant.
I therefore dissent.
THOMAS and SEBRING, JJ., concur.