McCAIN, J.
(dissenting).
I must respectfully dissent.
Appellant sought and was awarded damages in the amount of $10,500.00 for serious personal injuries arising from a slip and fall on premises of the appellee.
Proofs at trial established appellant’s bills for medical services and hospitalization in excess of $3,000.00, which included services for a myelogram and discogram together with an operation resulting in an anterior dissectomy and fusion at the C-4 and 5 and C-5 and 6 level. The evidence also showed, among other things, the appellant’s pain, suffering and loss of earnings. These were matters for consideration by a jury free from bias or prejudice.
Appellant testified essentially that he had not sustained any other personal injuries. Over objection, defense attorneys conducted the following interrogation of appellant on cross-examination:
“Q. Now, after this accident you were involved in another accident, weren’t you?
“A. No, sir.
“Q. An automobile accident?
“A. No, sir.
“Q. In the summer of 1966?
“A. No.
“Q. You were not?
“A. No.”
This cross-examination did not go to establish the competency of the witness but was obviously designed to discredit the appellant and to suggest a false claim or injuries from a subsequent accident, thereby minimizing the claim arising from the accident sub judice.
Upon questioning, when the witness denied any second accident, defense counsel should have dropped the matter unless he wished to pursue it further in good faith. Instead, he chose to pinpoint an approximate time for the second accident and then failed to establish good faith by not submitting proofs or proffers of the suggested mishap. Such interrogation would have been within the scope of direct examination, if in addition to laying the predicate to establish the second accident, it was followed by proof, which it was not.
The trial court could have sustained the objection to the questioned line of cross-examination and instructed the jury to disregard it, or reserved ruling thereon subject to defense counsel establishing its relevancy and materiality. To the contrary, the court denied both the objection to the interrogation and the request for an instruction to disregard it. The above *50 colloquy therefore left the jury with the suggestion and innuendo of a second accident.[1]
Acknowledgment is afforded the general rule that the scope of cross-examination reposes in the sound discretion of the trial court and is not to be reversed absent a showing of clear abuse.[2] Certainly, cross-examination is to be extended all reasonable latitude and propriety, free from the hamstringing of technical niceties. Nevertheless, when questions propounded on matters extraneous to the issues, are calculated to, and may, prejudice a plaintiff’s case and improperly influence a jury, a new trial should be granted.[3]
Analogously, in criminal cases it has been held improper for counsel to inject through cross-examination suggestions calculated to arouse on the minds of jurors a spirit of hostility or resentment against the defendant.[4]
Would not the unfettered sanction of suggesting one subsequent accident lead to permitting the suggestion of a second, a third, and on ad infinitum? This cuts to the quick of my conscience and I can only conclude that it should be bridled at the first plateau since the essence of any examination during trial is to arrive at the truth.
Other jurisdictions have similarly concluded that reversible error is committed where cross-examination is such as to overshadow the real issues involved.[5] In addition, a new trial has been permitted where the cross-examination developed innuendos more damaging than any effort to prove impeaching facts, and where no effort was made by the defendant to establish the truth of his attempted impeachment.[6]
For the foregoing reasons, I would reverse and remand the cause for a new trial on the issue of damages only.

. Similar questions were later asked of plaintiff’s wife on cross-examination. The transcript of testimony reveals no objection, but one of the assignments of error indicates that objection was made and this is not questioned by appellee. Irrespective, the record as a whole shows that continued objection to this line of questioning would have been futile in view of the court’s denial of plaintiff’s earlier objection.

. 35 Fla.Jur., Witnesses, § 191.

. Ridarsick v. Amirkanian, Fla.App.1962, 147 So.2d 580.

. Messer v. State, 1935, 120 Fla. 95, 162 So. 146.

. Kantor v. Ash, 1958, 215 Md. 285, 137 A.2d 661, 69 A.L.R.2d 585. See Knight v. Hasler, 1964, 24 Wis.2d 128, 128 N.W. 2d 407.

. Gordon v. Checker Taxi Co., 1948, 334 Ill.App. 313, 79 N.E.2d 632.