SUNDBERG, Justice,
dissenting.
I dissent from the conclusion by the majority that the writ of certiorari heretofore granted in this cause should be discharged. Presumably it is meant that there is a lack of conflict in decision between the instant case and former decisions of this Court or of other district courts of appeal. For the reasons stated by Judge Mager in his dissent below I believe there to be clear conflict on the record proper with Cloud v. Fallis, 110 So.2d 669 (Fla.1959) and its progeny as cited in Judge Mager’s dissenting opinion. It is patent that the trial court’s order granting a new trial on grounds 1 B., 2 B., and 5 as set forth in the motion for new trial was predicated on a determination that the damages were excessive. Where such is the case, Cloud v. Fallis, supra, teaches us that in order to grant a new trial, a judge must find the verdict to be against the manifest weight of the evidence or must conclude that the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the evidence. By grounds 3 B. and 4 in the motion for new trial it was asserted respectively that the verdict as to damages was contrary to the manifest weight of the evidence and that the award was so excessive as to shock the conscience of the court. However, the trial court passed over each of those grounds in granting the motion for new trial.
Nevertheless, unlike Judge Mager, I would reverse only that part of the trial court’s order which grants a new trial as to liability. This is so because three other grounds of the motion for new trial relied upon by the trial court justify a remand for new trial on the issue of damages. Grounds 15 and 17 of the motion for new trial were predicated upon asserted erroneous jury instructions as to anticipated loss of profits. Ground 19 of the motion for new trial asserted error in denying the defendant’s motion to strike the testimony concerning profits.
It is manifestly within the province of a judge to correct errors committed by him during the course of a trial. In fact, such a determination, exhibited by granting a motion for new trial, is entitled to a strong presumption of correctness on appeal. Jordan Furniture Co. v. Goggans, 101 So.2d 114, 116 (Fla.1952); Bailey v. Lloyd, 62 So.2d 56 (Fla.1952). This is undoubtedly what happened in this case. The trial judge obviously perceived that, based on the testimony and evidence presented as to loss of anticipated profits, he had committed error in the particulars mentioned. Since those errors relate only to the issue of damages, it is proper that the new trial be limited to the issue of damages only. See Brinson v. Howard, 71 So.2d 172 (Fla.1954).
Accordingly, I would grant the petition for writ of certiorari and quash the decision of the District Court of Appeal, Fourth District, with directions to remand the *545 cause to the trial court for a new trial on the issue of damages only.